# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>VIRGINIA RUGGIO,<br><br>Debtor | Chapter 7<br>Case No. 05-24520-RS |

## MEMORANDUM OF DECISION
## REGARDING
## TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTION

Before the Court is the Chapter 7 Trustee's objection to the Debtor's claim of exemption as to her Attleboro home ("Trustee") ("Objection"). The Debtor opposes the Objection ("Opposition").

### Background

The material underlying facts in this matter are undisputed and are herein summarized. On October 14, 2005, the Debtor filed the within Chapter 7 case ("Petition Date") ("Case"). At that time, she owned and occupied the Attleboro property as her principal residence ("Residence"). On the Petition Date, she filed a Form Schedule C, electing the so-called "non-bankruptcy" exemptions and claiming an exemption in the Residence under Massachusetts homestead law ("Homestead Exemption").[1]

At the Section 341 meeting in the Case, the Trustee learned that the Debtor's declaration of homestead as to the Residence was recorded at the requisite registry on October 21, 2005, one week after the Debtor commenced the Case. On December 19, 2005, the Trustee filed the Objection, contending that the Homestead Exemption is invalid because the Debtor recorded the required declaration after the Petition Date. The Trustee filed and served on the Debtor the

---

[1] In her schedules, the Debtor values the Residence at $191,000 and lists a mortgage debt of $83,420, thus yielding an exemption claim value of $107,580.

Objection and notice of the related response and hearing dates as fixed by the Court. The Debtor responded with the Opposition, acknowledging the post-petition recordation and advancing three arguments in support of the Opposition, discussed below.

On January 17, 2006, the Court conducted a hearing on this matter. In deciding this matter, the Court considered the Objection, the Opposition, the homestead declaration, the parties' written submissions, the presentation and argument of counsel, the record of the Case and applicable law. For the reasons stated below, the Court sustains the Objection.

## Discussion

Section 522 of the Bankruptcy Code affords an individual debtor the opportunity to elect the exemptions available either under federal bankruptcy law or under non-bankruptcy federal, state, and local law. 11 U.S.C. § 522(b)(1).[2] The non-bankruptcy exemption law includes the Massachusetts homestead law, M.G.L.A. c. 188 § 1 et seq. ("Homestead Statute"). Here, the Debtor elected the exemptions available under non-bankruptcy exemption laws, claiming an exemption with respect to the Residence under the Homestead Statute.

The Homestead Statute provides that an estate of homestead is acquired either by inclusion in the deed of transfer by which the subject property is acquired or by a declaration recorded in the requisite registry. M.G.L.A. c. 188, § 2.[3] The Debtor here claims to have acquired an estate of homestead as to the Residence not by deed but by recordation.

---

[2]This election is available unless the Debtor's domicile state has opted out of such exemption law choice, leaving only the non-bankruptcy law exemptions. The Debtor is domiciled in Massachusetts. Massachusetts has not opted out. Hence, the Debtor had (and still has) that choice.

[3]The Debtor must occupy (or intend to occupy) the Residence as her principal residence at the time of acquisition of the estate of homestead. The Trustee does not contest this requirement.

2

The Debtor's right to the Homestead Exemption in the Case is subject to two limitations: *first*, the Homestead Exemption must be effectuated pursuant to the exemption law applicable on the date she commenced the Case, *In re Webber*, 278 B.R. 294, 297 (Bankr. D. Mass. 2002); and *second*, the Homestead Exemption is fixed and determined as of the date she commenced the Case, *In re Robbins*, 187 B.R. 400, 403 (Bankr. D. Mass. 1995).

The Trustee does not contend that the Homestead Exemption was not effectuated pursuant to the Homestead Statute. Rather he contends that the Homestead Exemption is invalid because the Debtor's recordation occurred after the Petition Date. That is to say, the Trustee focuses not on the form or venue of the homestead declaration recorded by the Debtor but on the timing of the declaration's recordation.

The Debtor makes three arguments in the Opposition. *First,* she contends that she did not have sufficient time to formulate and to submit her response to the Objection. An examination of the record of the Case makes clear that she is mistaken in this contention: she was properly and timely served with the Objection and given due notice of the response and hearing dates thereon. Moreover, she filed and served the Opposition within the response date and without requesting an extension thereof. She has confused the response deadline regarding the Trustee's application to employ counsel with the response date for the Objection. I find that, with respect to the Objection, she had due notice and an opportunity to respond and to be heard, in accordance with applicable law and the national and local bankruptcy rules. Indeed, she made a timely response to the Opposition, was represented at the January 17 hearing on the Objection and was afforded time for further response post-hearing (she elected not to make any further submission). Her due process argument thus fails as a basis to overrule the Objection.

3

*Second,* she contends that, at the Section 341 meeting, the Trustee agreed to alert her to his final position regarding the Homestead Exemption after further due diligence on his part, thereby affording her the opportunity to elect the federal bankruptcy law exemptions or even to withdraw her petition. The Debtor advances no facts in support of this contention and, in any case, the Trustee *did* notify the Debtor of his position by the filing of the Objection.

*Third,* the Debtor contends that, in any event, the post-petition recordation of her declaration of homestead does not bar the Homestead Exemption, citing for this proposition Judge Feeney's decision in *In re Melber,* 315 B.R. 181 (Bankr. D. Mass. 2004). Her reliance on *Melber* is misplaced: in that case, Judge Feeney considered whether to invalidate a Massachusetts homestead exemption claim where the declaration was recorded prepetition but the exemption claim was not asserted in the bankruptcy case until eight months after the petition date. The contrast is striking: in *Melber,* the debtor claimed an exemption as to an estate *already acquired* when the petition was filed; here the Debtor claims an exemption as to an estate *not yet acquired* on the Petition Date. Thus, *Melber* neither applies nor advances the Debtor's cause.

The Court is mindful of the liberal construction favorable to individual debtors to be employed in exemption disputes. See *In re Vasques,* 337 B.R. 255, 256 (Bankr .D. Mass. 2006). Nonetheless, the statute is clear: the Debtor's acquisition of the Homestead Exemption must conform to the Homestead Statute which requires, *inter alia*, recordation of the declaration of homestead; and, as of the Petition Date and under the Homestead Statute, the Debtor had no valid estate of homestead because, as of that date, she had not recorded the requisite declaration. See *In re Garran,* 338 F.3d 1, 4 (1st Cir. 2003) ("Entitlement to a homestead exemption is not automatic under Massachusetts law. An owner of property must file the necessary declaration of homestead before the exemption can be claimed"). See also *In re Marrama,* 307 B.R. 332, 336

4

(Bankr. D. Mass. 2004); *In re Govoni,* 289 B.R. 500, 504 (Bankr. D. Mass. 2002).

Accordingly, the Court sustains the Objection but does so without prejudice to the right of the Debtor to amend her Form Schedule C in accordance with Rule 1009(a) of the Federal Rules of Bankruptcy Procedure should she decide to elect the federal bankruptcy law exemptions. The Trustee's right to contest such election is fully reserved. A separate order will enter accordingly.

Dated: July 11, 2006

Robert Somma
United States Bankruptcy Judge

cc: Edward J. Kelley, Esq., Counsel to Debtor
    Donald Lassman, Esq., Chapter 7 Trustee